IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUSSELL HAMMOCK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HARBOR FREIGHT TOOLS USA, INC., )<br>)<br>Defendant. ) | Case No. 22-CV-00312-SRB |

## ORDER

Before the Court is Defendant Harbor Freight Tools USA, Inc.'s ("Defendant") Motion to Dismiss First Amended Complaint. (Doc. #16.) For the reasons stated below, the motion is GRANTED.

**I.  BACKGROUND**

Plaintiffs Russell Hammack and Melvin Lampton (collectively, "Plaintiffs") are consumers who purchased Defendant's bonded abrasive wheel products ("the Products"). Plaintiffs bring this action on behalf of themselves and others similarly situated, and seek certification of various nationwide and state classes. Plaintiffs purchased the Products directly from Defendant's retail stores. Plaintiffs allege generally that Defendant sold the Products that were defective if used after a certain point. Plaintiffs allege that Defendant failed to warn consumers of the Products' shelf-life or expiration date, after which they were at risk of "giv[ing] way, crack[ing], split[ting], explode[ing], and fail[ing]" and become dangerous. (Doc. #14, p. 2.)

Plaintiffs bring eight claims against Defendant: Count I, violation of the California Consumer Legal Remedies Act ("CLRA"); Count II, violation of the Missouri Merchandising Practices Act ("MMPA"); Count III, violation of the Kansas Consumer Protection Act

("KCPA"); Count IV, unjust enrichment; Count V, strict liability–design defect; Count VI strict liability–failure to warn; Count VII, negligence; and Count VIII, breach of implied warranty of merchantability. Defendant moves to dismiss all counts. Accordingly, the Court will address the parties' arguments below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III. DISCUSSION

Defendant argues that Plaintiffs fail to state a claim because Plaintiffs "have not properly alleged they have suffered any damages–a necessary element for all of their claims." (Doc. #17, p. 19.) Specifically, Defendant argues that Plaintiffs have not allege that any defect has manifested in the Products. Plaintiffs state that Defendant's argument is "ridiculous" and that

2

"[c]ourts routinely recognize a proper measure of damages is the difference in value between a product a plaintiff believed he was purchasing and the product he actually purchased." (Doc. #22, p. 18.)

The Court agrees with Defendant. "'It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 628 (8th Cir. 1999)). "It is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product actually exhibited the alleged defect." *Id.* (citation omitted); *see also LaRoe v. FCA US, LLC*, No. 17-2487-DDC-JPO, 2018 WL 3105378, at *7 (D. Kan. June 25, 2018) (finding plaintiffs lacked standing where they 'failed to allege 'something more' than theoretically diminished value"); *see also In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 801 F.Supp.2d 993, 1003–04 (S.D. Cal. 2011) (finding plaintiffs had standing where they received the benefit of the bargain because "they received products that were ineffective and unsafe when used as directed" as opposed to "pa[ying] for and receiv[ing] an effective" product).

Here, Plaintiffs claim that Defendant failed to warn consumers of the Products' expiration dates, after which the Products are at a heightened risk of cracking or failing, injuring customers. Plaintiffs do not allege that the Products they themselves purchased have cracked, failed, or otherwise manifested a defect. In turn, Plaintiffs fail to state a cognizable claim under CRLA, MMPA, Missouri common law negligence.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss First Amended Complaint (Doc. #16) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiffs may file a second amended complaint addressing the deficiencies discussed in this Order on or before August 29, 2022. Failure to timely file an amended complaint may result in this case being dismissed without further notice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2022