# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RUSSELL HAMMACK, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 22-CV-00312-SRB |
| HARBOR FREIGHT TOOLS USA, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Harbor Freight Tools USA, Inc.'s ("Defendant") Motion to Dismiss First Amended Complaint. (Doc. #31.) For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL BACKGROUND[1]

Plaintiffs Russell Hammack ("Hammack") and Melvin Lampton ("Lampton") (collectively, "Plaintiffs") are consumers who purchased Defendant's bonded abrasive wheel products ("the Products"). Plaintiffs bring this action on behalf of themselves and others similarly situated and seek certification of various nationwide and state subclasses. Plaintiffs purchased the products directly from retail stores owned by Defendant. Plaintiffs allege generally that the Products sold by Defendant were defective because they were deceptively packaged in that they failed to warn consumers of a shelf-life or expiration date, after which use of the products is dangerous.

---

[1] In considering Defendant's motion to dismiss, the Court takes the facts pleaded in Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

On August 29, 2022, Plaintiffs filed a second amended complaint, asserting the following claims: 1) violation of the California Consumer Legal Remedies Act ("CLRA"); 2) violation of the Missouri Merchandising Practices Act ("MMPA"); 3) violation of the Kansas Consumer Protection Act ("KCPA"); 4) unjust enrichment; 5) strict liability–design defect; 6) strict liability–failure to warn; 7) negligence; and 8) breach of implied warranty of merchantability. Defendant moves to dismiss all counts. The Court will address the parties' arguments below.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III.  DISCUSSION

### A.  Counts I—III

Plaintiffs assert three statutory claims: Count I, alleging a violation of the CLRA; Count II, alleging a violation of the MMPA; and Count III, alleging a violation of the KCPA.

2

Defendant argues that these claims should be dismissed because (1) Counts I-III do not comply with Federal Rule of Civil Procedure 9(b); (2) Plaintiffs do not properly allege that the products were purchased for personal, family, nor household purposes; (3) Plaintiffs do not allege actual knowledge; and (4) Plaintiffs do not have standing to assert Count I. The parties' arguments are addressed below.

### 1. Particularity

Defendant argues that Counts I–III should be dismissed because they are conclusory allegations that do not meet the heightened pleading standard set out in Rule 9(b). Plaintiffs argue that Rule 9(b) is only applicable to Count II because that is the only fraud-based claim.[2]

"In order to satisfy the pleading requirements of Rule 9(b), 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Olson v. Fairview Health Servs. of Minnesota*, 831 F.3d 1063, 1070 (8th Cir. 2016) (citing *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). Rule 9(b) "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Joshi*, 441 F.3d at 556 (citations omitted). "Rule 9(b)'s particularity requirements relax when concerning matters within the opposing party's knowledge." *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-CV-00624-RK, 2018 WL 1955422, at *4 (W.D. Mo. Apr. 25, 2018) (citation omitted). However, "the plaintiff does not need to state each element of the fraud claim with particularity; instead,

---

[2] Plaintiffs argue that Rule 9(b) is only applicable to Count II, as Counts I and III are not fraud based. However, the Court disagrees. *See Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (holding that a plaintiff's CLRA claim "must satisfy" Rule 9(b) because it was "grounded in fraud"); *see also Thompson v. Jiffy Lube Intern., Inc.*, 505 F.Supp.2d 907, 932 (D. Kan. 2007) (holding that a KCPA claim must satisfy Rule 9(b) if the "gravamen" of the claim "sound[s] in fraud").

the plaintiff must state sufficient facts such that the pleadings are not conclusory." *Id*. Courts have found that a plaintiff's pleadings were not conclusory where they alleged:

> The "who" is Defendants, the "what" are the television advertisements, the "where" is the television channels and locations that the advertisements were broadcasted, the "when" are the dates and times the advertisements aired during the class period, and the "how" are the representations in the advertisements that suggested the Product contained ginger.

*Id*.; *See also Thornton v. Pinnacle Foods Grp. LLC*, No. 4:16-CV-00158-JAR, 2016 WL 4073713, at *4 (E.D. Mo. Aug. 1, 2016) (citation omitted).

Upon review of the second amended complaint, Plaintiffs have sufficiently alleged facts satisfying Rule 9(b)'s heightened requirements. Plaintiffs allege (1) the "who" is Defendant; (2) the "what" is the product labels; (3) the "where" is the products themselves; (4) the "when" is June 7, 2020–June 7, 2022; (5) the "how" is the representations or omissions regarding the quality or shelf-life of the products. Plaintiffs' allegations indicate to Defendant the basis of their claims such that they are not conclusory. Considering Plaintiffs have satisfied Rule 9(b)'s heightened requirements, Defendant's argument is rejected.

### 2. Personal Use

Defendant argues that Plaintiffs' fraud-based claims fail because California, Missouri, and Kansas require a plaintiff to allege personal, family, or household use. Plaintiffs argue that they have sufficiently alleged a personal use in their second amended complaint.

Plaintiffs' statutory claims require that the consumer purchased the item for personal, family, or household purposes. *See* Cal. Civ. Code § 1761; Mo. Rev. Stat § 406.025.1; Kan. Stat. Ann. § 50-624.

Here, Plaintiffs sufficiently state they purchased the products for personal use. All the named Plaintiffs have pled that they, themselves, have purchased the Products for personal use. Further, the class claims also limit the potentially eligible members to those who have purchased

the Products for personal use.  At this stage in the litigation, Plaintiffs have sufficiently alleged personal use.  Defendant's argument is rejected.

### 3. Actual Knowledge

Defendant argues that Counts I–III should be dismissed because Plaintiffs failed to "show that [Defendant] knew of the alleged defect at the time Plaintiffs bought their Product." (Doc. #32, p. 15.)  Plaintiffs argue that Defendant "knew the wheels had an expiration date when it omitted one from the products' labels."  (Doc. #34, p. 18.)

Here, Plaintiffs adequately plead that Defendant had knowledge of the alleged defect. Plaintiffs allege that it is industry knowledge that "[u]sing a disc outside of its expiry date will lead to disc failure and a high probability of causing severe injury to the operator and anyone nearby."  (Doc. #30, p. 3.)  Additionally, Plaintiffs reference the Federation of European Producers of Abrasives' (FEPA) standard, recognized in the United States, which establishes the expiration date or shelf-life date for use of three years.  Plaintiffs further illustrate this industry standard by providing examples of expiration dates from other manufacturers.  *See* (Doc. #30, p. 4) (stating "It has always been Saint-Gobain's recommendation that Resinoid Bonded grinding wheels be used up within 2 years from the date of manufacture").  At this stage of the litigation, taking Plaintiffs' allegations as true, Defendant's argument is rejected.

### 4. Standing under the CLRA

Defendant argues that Plaintiffs' claim under Count I, violation of the CLRA, fails because Plaintiffs do not allege they purchased the products in California.  Plaintiffs argue California courts regularly hold that non-residents have standing to bring California statute-based claims against California defendants when the conduct at issue occurred in California and involved a California company.

In support, Defendant relies on *Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016). Defendant contends that *Darisse* holds that, in order to have standing under the CLRA, the Plaintiffs must have "allege[d] they made a[] purchase in California, saw a[n] advertisement or labeling in California, or otherwise relied on anything in California." (Doc. #32, p. 16.) However, the Court disagrees with Defendant's interpretation of *Darisse*, as the cited passage concerns a choice of law analysis in the context of a motion for class certification. As Defendant has not provided a basis in the law for its argument that Plaintiffs lack standing under the CLRA, Defendant's argument is rejected.

**B.    Economic Loss Doctrine**

Defendant argues that the economic loss doctrine bars Counts IV–VII[3], which allege unjust enrichment, strict liability–design defect, strict liability–failure to warn, and negligence. Plaintiffs disagree. The Court will address each count below.

It is well-established that Missouri's economic loss doctrine "bars recovery for negligence, *see R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 828–29 (8th Cir.1983), and strict liability 'where the only damage is to the product sold,'" *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 906 (8th Cir. 2013) (quoting *Sharp Bros. Contracting Co. v. Am. Hoist & Derrick Co.,* 703 S.W.2d 901, 903 (Mo.1986) (en banc)). Similarly, in Kansas, "[a] commercial buyer of defective goods cannot sue in negligence or strict liability where the only injury consists of damage to the goods themselves." *Koss Const. v. Caterpillar, Inc.*, 25 Kan. App. 2d 200, 200, 960 P.2d 255, 256 (1998).

---

[3]Defendant argues that the KPLA operates to bar all Kansas-based claims for Counts IV – VII. (Doc. #32, p. 18.) The Court finds these arguments unpersuasive as the KPLA does not act as a bar to the claims as pled in the instant case. *See* Kan. Stat. Ann. § 60-3302.

6

### 1. Count IV—Unjust Enrichment

#### a) Missouri Claims

The Court finds that Count IV is barred by the economic loss doctrine under Missouri law.

"Under Missouri law remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the Uniform Commercial Code." *Wilbur Waggoner Equip. & Excavating Co. v. Clark Equip. Co.*, 668 S.W.2d 601, 602 (Mo. Ct. App. 1984). Missouri courts have barred unjust enrichment claims based on the economic loss doctrine where the plaintiff's theory of recovery is based on a defective product. *See Flynn v. CTB, Inc.*, No. 1:12-CV-68 SNLJ, 2013 WL 28244, at *6 (E.D. Mo. Jan. 2, 2013) (finding plaintiff's unjust enrichment claim barred by economic loss doctrine; relying on *Renaissance Leasing*).

Here, the only loss sustained by Plaintiffs as alleged in their complaint is a purely economic loss that is fundamentally based on an alleged defect in the Products. Accordingly, Plaintiffs' Missouri-based claim for unjust enrichment is barred by the economic loss doctrine and dismissed.

#### b) Kansas Claims

The Court finds that Count IV is not barred by the economic loss doctrine under Kansas law.

Under Kansas law, a plaintiff alleging purely economic damages stemming from a defective product is permitted to recover damages for damage to the product itself. *Corvias Mil. Living, LLC v. Ventamatic, Ltd.*, 310 Kan. 824, 833, 450 P.3d 797, 804 (2019). "If [a plaintiff] can prove the elements of its unjust enrichment claim with respect to [economic damages], neither the economic loss doctrine nor the KPLA would bar that recovery." *Id.*

Here, as discussed below, the Court finds that Plaintiffs have adequately pled the necessary elements of their unjust enrichment claim. Therefore, pursuant to *Corvias*, the Court finds that the economic loss doctrine does not bar Plaintiffs' unjust enrichment claim under Kansas law. Thus, Defendant's argument is rejected.

### 2. Counts V—VII

Defendant argues that the economic loss doctrine bars Counts V–VII, alleging strict liability–design defect, strict liability–failure to warn, and negligence. In Plaintiffs' opposition brief, they appear to concede that the economic loss doctrine bars Counts V–VII.

The Court agrees with Defendant. Plaintiffs explicitly seek only damages that are purely economic in nature. As stated in the second amended complaint, "Plaintiffs, on behalf of themselves and the putative class, seek a refund for monies paid as a result of his purchase of the Defective Product . . ." (Doc. #30, p. 9.) Under Missouri and Kansas law, purely economic damages regarding products liability for strict liability or negligence claims are barred under the economic loss doctrine when pled as common law claims. In the instant case, Plaintiffs fail to properly state a claim due to this doctrine on Counts V–VII.

### C.  Count IV–Unjust Enrichment

Defendant also argues that Count IV, alleging unjust enrichment, should be dismissed because Plaintiffs fail to plead how they were misled by Defendant. Plaintiffs argue that they adequately pled unjust enrichment.

"The basic elements of a claim based on a theory of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of

its value." *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 167, 910 P.2d 839, 841 (1996).

Here, the Court finds that Plaintiffs have adequately pled that they were misled by Defendant. Plaintiffs allege that they paid more for the wheels than what they were worth considering the defect. They also claim Defendant was aware. Also, Plaintiffs allege that Defendant wrongly profited off withholding the expiration date from the labels and sold expired wheels. Through this, the Plaintiffs identify how the alleged conduct of the defendant resulted in an inequitable benefit. As a result, they successfully stated a claim under Kansas law. Defendant's argument is rejected.

### D. Count VIII—Breach of Implied Warranty

Defendant argues that Count VIII, breach of implied warranty, should be dismissed because Plaintiffs have failed to adequately plead the elements of breach of implied warranty and failed to offer the Defendant adequate notice. Plaintiffs claim to have adequately pled the elements of implied warranty and given proper notice.[4]

"To prove a claim for breach of implied warranty of merchantability in Missouri, a plaintiff must show: . . . [goods] which were not 'merchantable' at the time of the sale . . . caused [injury] proximately or in fact by the defective nature of the goods, and notice to the seller of the injury." *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011) (quotation omitted). Under Kansas law, to state a claim for breach of the implied warranty of merchantability, "plaintiff must show that the goods were defective, that the defect was present

---

[4] Defendants also argue in their reply brief that Count VIII is precluded due to the KPLA. However, as this argument was not sufficiently raised in Defendant's initial brief, the Court will not consider it. *Khosla Ventures, LLC v. Rolls-Royce Can. Ltd.*, Civ. A. No. 11-7529, 2012 U.S. Dist. LEXIS 52891, at *4 n.2, 2012 WL 1344822 (D.N.J. Apr. 16, 2012) (citing *Laborers'*, 26 F.3d at 398) ("[The defendant] also attempts to argue the merits of [the plaintiff's] claim in its reply brief. This argument is improper on a motion to dismiss and it was not sufficiently raised in its opening brief. Therefore, the [c]ourt will not consider it.").

when the goods left the manufacturer's control, and that the defect caused the injury sustained by plaintiff." *Vanderwerf v. SmithKlineBeecham Corp.*, 414 F.Supp.2d 1023, 1026 (D.Kan.2006) (citing *Dieker v. Case Corp.*, 276 Kan. 141, 162, 73 P.3d 133, 146–47 (2003)).

Here, the Court finds the Plaintiffs' argument to be persuasive. In Plaintiffs' second amended complaint, they allege the Products were defective and thus not merchantable because the Products contain a "polymer compound that is susceptible to oxidation" which degrade "relatively rapidly and becomes brittle within a few short years of manufacture[.]" (Doc. #30, p. 2.) Plaintiffs allege that the Defendant "omits these material facts from its consumers" in addition to failing to include an expiration date on the label. (Doc. #30, p. 2.) This alleged failure to include an adequate expiration date resulted in economic injuries to "Plaintiffs and other purchasers had no way to use the products safely because they had no way of knowing when the products expired, including whether the products had already expired when purchased." (Doc. #30, p. 41.) Further, notice was established when Defendant was provided notice by receipt of demand made by Plaintiff Hammack on behalf of himself and the putative class on or about March 9, 2022. (Doc. #30, p. 42.) Defendant's argument is rejected.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss First Amended Complaint (Doc. #31) is GRANTED IN PART and DENIED IN PART as follows: (1) Defendant's motion to dismiss Count IV is GRANTED insofar as Plaintiffs assert a claim under Missouri law but DENIED insofar as Plaintiffs assert a claim under Kansas law; (2) Defendant's motion to dismiss Counts V-VII is GRANTED; and (3) Defendant's motion to dismiss Counts I–III, VIII is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2022